TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
ALEXANDER DRUTIS (Cal. Bar No. Pending)
Assistant United States Attorney
General Crimes Section
1200 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-0333
Facsimile: (213) 894-0141
E-mail: Alexander.Drutis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STAR ANGEL TAPIA,<br><br>Defendant. | No. 2:26-mj-02611-DUTY<br><br>PLEA AGREEMENT FOR DEFENDANT STAR ANGEL TAPIA |

1. This constitutes the plea agreement between STAR ANGEL TAPIA ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

a. Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the

Court, appear and plead guilty to a single-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Distribution of a Controlled Substance in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessment.

h. Agree to and not oppose the imposition of the following conditions of probation or supervised release:

i. Defendant shall not frequent, or loiter, within 100 feet of MacArthur Park.

ii. The defendant shall submit defendant's person and any property under defendant's control, including any residence, vehicle, papers, computer and other electronic communication or data storage devices and media, and effects, to suspicion-less search and



Doc ID: 2f54017dca0f838592d5d14631467397c90ce29a

seizure at any time of the day or night by any law enforcement or probation officer, with or without a warrant, and with or without cause; and if stopped or questioned by a law enforcement officer for any reason, defendant shall notify that officer that defendant is on federal supervised release and subject to search.

THE USAO'S OBLIGATIONS

3. The USAO agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement.

c. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in the single-count information, that is, Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), the following must be true: First, defendant knowingly distributed a controlled substance; and second, defendant knew that it was a federally controlled substance.

PENALTIES

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) is: 20 years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or



Doc ID: 2f54017dca0f838592d5d14631467397c90de29a

gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6. Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

7. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that defendant is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that



Doc ID: 2f54017dca0f838592d5d14631467397c90ce29a

unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant and defendant's counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including defendant's attorney or the Court, can predict to an absolute certainty the effect of defendant's conviction on defendant's immigration status. Defendant nevertheless affirms that defendant wants to plead guilty regardless of any immigration consequences that defendant's plea may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

10. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the



Doc ID: 2f54017dca0f838592d5d14631467397c90ce29a

underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about April 9, 2026, within the Central District of California, defendant knowingly distributed a federally controlled substance, namely, fentanyl, knowing that it was, in fact, a federally controlled substance.

Specifically, on April 9, 2026, in the vicinity of the Alvarado Corridor, near MacArthur Park, in Los Angeles County, defendant sold 0.246 net grams of a mixture and substance containing a detectable amount of fentanyl for $40 to a person she believed was a drug customer but was in fact a confidential source working for the Drug Enforcement Administration. The sale was transacted through a man wearing a black sweatshirt, camouflage pants, and a mask who accepted $40 after the confidential source requested drugs in coded language. Upon accepting the $40, the man walked south and met defendant, who reached into a black backpack and retrieved a plastic bag. She then poured a powdery substance from the plastic bag into the man's hand. The man then walked to the confidential source and transferred the substance to his hand in exchange for his earlier payment.

At all times, defendant knew and understood that she was distributing a federally controlled substance.

SENTENCING FACTORS

11. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have



Doc ID: 2f54017dca0f838592d5d14631467397c90de29a

any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 12 | U.S.S.G. § 2D1.1(a)(5) |
| Minor Participant: | -2 | U.S.S.G. § 3B1.2(b) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate. Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

13. Defendant and the USAO agree that:

a. Defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

b. The offense did not result in death or serious bodily injury to any person;

c. Defendant was not an organizer, leader, manager, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise;



Doc ID: 2f54017dca0f838592d5d14631467397c90ce29a

d. In light of the foregoing, the parties agree to recommend a two-level downward variance without regard to defendant's final criminal history category or participation in a safety-valve proffer. Defendant understands, however, that defendant will not be entitled to both this two-level variance and an additional two-level deduction under § 2D1.1(b)(18) should defendant satisfy all the criteria in U.S.S.G. § 5C1.2 in advance of sentencing.

14. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

15. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

WAIVER OF CONSTITUTIONAL RIGHTS

16. Defendant understands that by pleading guilty, defendant gives up the following rights:

a. The right to persist in a plea of not guilty.

b. The right to a speedy and public trial by jury.

c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e. The right to confront and cross-examine witnesses against defendant.



Doc ID: 2f54017dca0f838592d5d14631467397c90de29a

f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

WAIVER OF APPEAL OF CONVICTION

17. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than the high-end of defendant's final Guidelines range as calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the



Doc ID: 2f54017dca0f838592d5d14631467397c90ce29a

constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation or supervised release agreed to by defendant in paragraph 2 above.

19. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than the low-end of defendant's final Guidelines range as calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

20. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

Defendant further agrees that this paragraph of the agreement is severable. Thus, defendant's waivers are binding and effective even



Doc ID: 2f54017dca0f838592d5d14631467397c90ce29a

if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept defendant's guilty plea, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects this agreement. Defendant also agrees that defendant's waivers are binding and effective even if some other portion of this agreement is found to be invalid by this Court or the Ninth Circuit.

RESULT OF WITHDRAWAL OF GUILTY PLEA

21. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

EFFECTIVE DATE OF AGREEMENT

22. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

a. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.



Doc ID: 2f54017dca0f838592d5d14631467397c90ce29a

If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

23. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.



Doc ID: 2f54017dca0f838592d5d14631467397c90ce29a

25. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

26. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//



Doc ID: 2f54017dca0f838592d5d14631467397c90de29a

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

Alexander Drutis

ALEXANDER DRUTIS
Assistant United States Attorney

Date

Star Tapia

STAR ANGEL TAPIA
Defendant

Date 05 / 27 / 2026

CLM

CHARLES L. MURRAY
Attorney for Defendant
STAR ANGEL TAPIA

Date 05 / 27 / 2026



Doc ID: 2f54017dca0f838592d5d14631467397c90ce29a

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

Star tapia 05 / 27 / 2026

STAR ANGEL TAPIA
Defendant

Date



Doc ID: 2f54017dca0f838592d5d14631467397c90ce29a

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am STAR ANGEL TAPIA's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his or her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

05 / 27 / 2026

CHARLES L. MURRAY
Attorney for Defendant
STAR ANGEL TAPIA

Date



Doc ID: 2f54017dca0f838592d5d14631467397c90de29a

# EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>STAR ANGEL TAPIA,<br>Defendant. | No.<br>I N F O R M A T I O N<br>21 U.S.C. §§ 841(a)(1), (b)(1)(C): Distribution of a Controlled Substance; 21 U.S.C. § 853: Criminal Forfeiture |

The United States of America charges:

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about April 9, 2026, in Los Angeles County, within the Central District of California, defendant distributed approximately 0.246 grams of a mixture and substance containing a detectable amount of fentanyl, a Schedule II narcotic drug controlled substance.

FORFEITURE ALLEGATION

21 U.S.C. § 853

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853 and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in this Information.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

(c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with



Doc ID: 2f54017dca0f838592d5d14631467397c90ce29a

a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER WAIER
Chief Assistant U.S. Attorney and
Chief, Criminal Division

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

ALEXANDER DRUTIS
Assistant United States Attorney
General Crimes Section



Doc ID: 2f54017dca0f838592d5d14631467397c90ce29a